## Case No. 3,783.

### DEN v. BACON et al.

[4 Wash. C. C. 578.] [1]

Circuit Court, D. New Jersey. April Term, 1826.

EJECTMENT—POSTPONEMENT OF TRIAL — COSTS IN FORMER EJECTMENT.

After notice of trial, the defendant cannot move to put off the trial until the costs of a former ejectment be paid; without notice that such a motion would be made; nor can it prevail under any circumstance, if the costs be demanded on an ejectment, which had been decided in the state court.

[Action in ejectment.] Motion by defendants' counsel to postpone the trial until the plaintiff has paid the costs of a former ejectment between the same parties, for the same premises; which was decided in favour of the defendants, in the supreme court of this state. Cases cited in favour of the motion: Roberts, Costs, 448; 2 W. Bl. 1158. On the other side were cited Adams, Ej. 322; Roberts, Costs, 446.

Ellmer & Wall, for plaintiff.

Richard Stockton and Mr. Jeffers, for defendants.

WASHINGTON, Circuit Justice. Whether this court would, under any circumstances, postpone the trial of an ejectment until the costs of a former ejectment, incurred in a state court, be paid, is a question not necessary to be decided in this case; although I am by no means prepared, as at present advised, to adopt such a practice. It appears from one of the cases cited, that this is the practice of the king's bench and common pleas in England; and there it may be attended by no inconvenience. But it by no means follows that it ought to be adopted by the courts of the United States, in reference to a state court; or vice versa. Those courts are altogether differently constructed; and are governed by different rules of practice. The present case strongly exemplifies the inconvenience which might result from the practice. It seems at least doubtful whether, under a rule of the supreme court, which has been referred to, the defendants have not forfeited their right to claim costs in that court; although it is possible, as has been contended for by the defendants' counsel, that upon a proper application to that court, this objection might be removed. But this is a matter in which this court ought not to interfere. But be this as it may, this motion comes too late. Notice of the trial of this cause has been regularly given, and being now called, the defendant is for the first time informed that payment of the costs of a former ejectment is demanded as a preliminary to the trial. To yield to such a demand would be subversive of the ends of

justice, by producing delay, and subjecting the other party to an injury, without his being subject to the imputation of the slightest fault. He had no reason, nor was he bound to anticipate such a demand, so as to come prepared to meet it. Surely he ought to have received reasonable notice that this motion, or at least that the demand would be made, that he might not be taken by surprise. So far from this, it is not pretended that a demand of these costs has ever been made, and it is even admitted that they were not taxed until to-day. But this is not all. At the last term of this court the lessor of the plaintiff, being a non-resident of this state, was ruled to give security for costs in this action, without any intimation being then, or at any time afterwards, given of this motion; or that the costs now claimed would be demanded. The plaintiff then might reasonably conclude that such a claim was waived, so far as it might affect the trial of this cause. Motion denied.

The cause was afterwards continued upon an affidavit of the absence of a material witness.